

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00476-CR

CHARLES EMANUEL JONES                                         APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

----------

## FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Charles Emanuel Jones entered an open plea of guilty to felony driving while intoxicated (DWI).[2] The trial court found Appellant guilty, conducted a sentencing hearing, and sentenced him to twenty-five years' confinement.[3]

---

[1]See Tex. R. App. P. 47.4.

[2]Appellant was charged with felony DWI based on two prior DWI convictions. See Tex. Penal Code Ann. § 49.09(b)(2) (West Supp. 2011) (providing that DWI is a third-degree felony if it is shown that the defendant was twice previously convicted of DWI offenses).

[3]Appellant's potential sentencing range was enhanced from that of a third-degree felony to that of a first-degree felony based on a January 1990 felony

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of the motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal.[4] We gave Appellant an opportunity to file a pro se brief, and Appellant filed a pro se brief that raises two points.[5] The State did not file a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,*

---

conviction for burglary of a habitation and a September 1990 felony conviction for escape. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2011) (setting sentencing range at twenty-five to life for felony conviction with two prior felony convictions).

[4]In the brief, Counsel presented an "arguable" point of error concerning the admission of two documents but explained in detail why the alleged error is harmless.

[5]Appellant contends in his first point that his sentence was improperly enhanced by using his two prior DWI convictions both to enhance the offense to a third-degree felony and to enhance the punishment range to that of a first-degree felony, but Appellant omits that the State alleged and proved two other prior felonies that were used to enhance his sentence to that of a first-degree felony. Appellant argues in his second point that his twenty-five year sentence is disproportionate, but it is the minimum he could have received under these circumstances. *See* Tex. Penal Code Ann. § 12.42(d).

2

904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

Because Appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Appellant's plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003).

We have carefully reviewed counsel's brief, Appellant's pro se brief, and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support any appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  GARDNER, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 23, 2011